IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAVARRO PECAN COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-734-P |
| | § | |
| CAMILLA PECAN COMPANY, | § | **FILED UNDER SEAL** |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER ON DISCOVERY MOTION**

Defendant Camilla Pecan Company ("Camilla") filed a Motion to Compel Inspection of Property (the "Motion to Compel"). *See* Dkt. No. 23. Judge Jorge A. Solis referred the motion to the undersigned magistrate judge for determination. *See* Dkt. No. 27. Plaintiff Navarro Pecan Company, Inc. ("Navarro") filed a response, *see* Dkt. Nos. 33 & 34, Camilla filed a reply, *see* Dkt. No. 35, and the Motion to Compel is now ripe for consideration. The Court GRANTS the motion.

### **Background**

The facts underlying this discovery dispute are not in significant dispute and will not be discussed at length. On January 17, 2013, Navarro filed suit in the 13th Judicial District Court of Navarro County, Texas, alleging that Camilla breached a March 11, 2011 contract by providing roughly one million pounds of shelled pecans that were contaminated because they "contained, among other things, fragments of pecan shells, Brazil nuts, peanuts, sunflower seeds, chinaberries, stems, and rodent droppings." Dkt. No. 1-3 at 5. Plaintiff seeks over $3 million in actual damages. *See*

-1-

*id.* at 7. The lawsuit was timely removed to this Court on the basis of diversity jurisdiction. *See* Dkt. No. 1 at 2-3.

At issue in this Motion to Compel are (1) Navarro's refusal to permit Camilla's owner and vice president/sales manager, Marty and Brandon Harrell; Camilla's counsel; and Camilla's food-safety expert, Gale Prince, to conduct a videotaped inspection of all pecans in Navarro's possession that were shelled by Camilla and (2) Navarro's refusal to permit Camilla's food-safety expert to conduct a videotaped inspection of the areas of Plaintiff's facility in which "foreign materials and contaminants can get mixed in with nuts Plaintiff is processing in its plant." Dkt. No. 24 at 14. Camilla seeks to compel discovery because the alleged contamination of the shelled pecans is the basis of this breach of contract action and because discovery is required to properly defend the claim, and Camilla requests videotaped inspection of part of Navarro's processing plant to test its theory that any alleged contaminants "got into the pecans when Plaintiff was repackaging them for its customers." *Id.*

Plaintiff objects to these requests, repeatedly asserting that the inspection is "overly broad and unreasonable and because [Camilla] is requesting inspection of areas and processes of Navarro's facility that have nothing to do with this lawsuit and that [Camilla] could use to injure Navarro as a direct competitor." Dkt. No. 33 at 1. Navarro requests the Court enter a more limited order permitting counsel and Prince to inspect and photograph the boxes of pecans shelled by Camilla, the dock where the pecans were received, and the location where Navarro discovered the contaminants – as long as all photographs are designated "Confidential and Attorney's Eyes Only" – and

inspect and photograph areas open to the general public. *See* Dkt. No. 34 at 18-19. Navarro objects to the presence of any owner or employee of Camilla on its premises and the use of video camera equipment. *See id.* at 19.

## Legal Standards

Fed. R. Civ. P. 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The United States Supreme Court has recognized that the discovery rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And the "party asserting a privilege exemption from discovery" – here, Plaintiff – "bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

Fed. R. Civ. P. 34(a)(2) governs the entry of a party onto another party's property for the purpose of conducting discovery. Under this rule,

> [a] party may serve on any other party a request within the scope of Rule 26(b) ... to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

FED. R. CIV. P. 34(a)(2). "The rule permits the 'observation of machinery, work practices, or manufacturing operations on a party's premises.'" *Long v. U.S. Brass*

*Corp.,* No. 03-B-968-BNB, 2004 WL 1725766, at *3 (D. Colo. June 29, 2004) (quoting JAY E. GRENIG AND JEFFREY S. KINSLER, HANDBOOK OF FEDERAL CIVIL DISCOVERY AND DISCLOSURE, § 9.22 (2d ed.))

Like all discovery, the right of entry under Rule 34 to inspect and test has limits. The Court has discretion to limit inspection if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information...; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." *McDonald v. Kellogg Co.,* No. 08-2473-JWL, 2011 WL 484191, at *2 (D. Kan. Feb. 7, 2011) (citing FED. R. CIV. P. 26(b)(2)(C)). Where the burdens and dangers that would accompany discovery outweigh the degree to which it will aid in the search for the truth, the study should not be permitted. *See id.* (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 706 F.2d 956, 960 (2d Cir. 1983); *Belcher v. Bassett Furniture Indus., Inc.,* 588 F.2d 904, 908 (4th Cir. 1978)).

Where the discovery sought is relevant on its face, the party resisting discovery has the burden to support its objection. *See, e.g.*, *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.,* 209 F.R.D. 208, 211 (D. Kan. 2002). Thus, a party opposing relevant discovery bears the burden of establishing that the burdens and dangers that would accompany the disclosure outweigh its usefulness. *See generally Merrill v. Waffle House, Inc.,* 227 F.R.D. 475, 477 (N.D. Tex. 2005) (holding that party opposing discovery must "'show specifically how ... each [request] is not relevant or how each

[request] is overly broad, burdensome or oppressive'" (quoting *Quarles*, 894 F.2d at 1485 )). An affidavit or other evidentiary proof is typically necessary to satisfy this burden, but, at a minimum, defendant must "provide a detailed explanation as to the nature and extent of the claimed burden." *McDonald,* 2011 WL 484191, at *2; *see also Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 700 (S.D. Ga. 2012).

## Analysis

Navarro appears to raise two objections to Camilla's requests for inspection: that the scope of the inspection is overbroad and that the inspection would disclose confidential information to a direct competitor. *See* Dkt. No. 34. In lieu of Defendant's requested inspection, Navarro seeks to allow Camilla's counsel and Prince to inspect and photograph the remaining boxes of allegedly contaminated pecans, the dock where the pecans were received, and the location where Navarro discovered the extraneous material – as long a the photographs are designated "Confidential and Attorney's Eyes Only" – and areas open to the general public. *See id.* at 18-19. Navarro objects to the presence of an owner or employee of Camilla entering its premises or any person bringing a video camera onto the premises. *See id.* at 19.

<u>Overbreadth Objection</u>

Navarro has not established that the two requests are overbroad in any way. Relevance is broadly construed for discovery; it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Navarro does not make any particular argument that the very pecans at issue

in this lawsuit are not relevant. Instead, Navarro appears to claim that inspection of the pecan processing facility is overbroad because it would permit entry into "areas and processes of Navarro's facility that have nothing to do with this lawsuit." Dkt. No. 33 at 1.

Notwithstanding this argument, Rule 26 defines relevance to broadly encompass any matter – whether it relates to the claim <u>or defense</u> of the party seeking discovery– that is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). It is certainly clear that the areas of Navarro's facility where nuts are "sized, sorted, cracked, processed, inspected, tested, reworked, packaged, and stored," *see* Dkt. No. 24 at 14, are extremely relevant to Camilla's defense that any contaminants were introduced into the pecans when Navarro was repackaging them for its customers. *See* Dkt. No. 31 at 10. And, even if Camilla had the burden to show the relevance of its requested discovery, Camilla has made such a showing.

This is true whether or not Camilla's defense proves meritorious. That Navarro believes these areas to have "nothing to do with this lawsuit," *see* Dkt. No. 34 at 5, because "[t]he lawsuit does not involve pecans that were shelled at <u>any</u> Navarro facility," *id.* at 6, is of no moment. Although Navarro "presently holds a strong belief in the merits of its litigation positions, its strong belief – whether ultimately justified or not – provides no basis for avoiding its discovery obligations created by the Federal Rules of Civil Procedure." *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10-cv-238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012)

Once the requesting party has made a threshold showing of relevance, the

burden shifts to the party resisting discovery to show specific facts demonstrating how it is overly broad, burdensome, or oppressive. *See Quarles,* 894 F.2d at 1485; *see also* FED. R. CIV. P. 34(b)(2)(B) & (C) ("[T]he response [to a Rule 34 request] must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. An objection to part of a request must specify the part and permit inspection of the rest."). The articulation of mere conclusory objections that something is "overly broad, burdensome, or oppressive" is insufficient to carry the resisting party's burden – that party must make a specific showing of reasons why the relevant discovery should not be had. *See Hunsinger v. SKO Brenner Am., Inc.*, No. 3:13-cv-988-D, 2014 WL 114348, at *2 (N.D. Tex. Jan. 9, 2014); *Cincinnati Ins. Co. v. Fine Home Managers, Inc.,* No. 4:09-cv-234-DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010).

Here, aside from claiming that the request is irrelevant, Navarro does not make any showing that the requested inspection is overly broad.

<u>Confidentiality Objection</u>

Navarro's main rationale for resisting Camilla's requested inspection is based on Navarro's concern that the presence of Marty and Brandon Harrell and an inspection of the pecan processing plant by Gale Prince could "injure Navarro as a direct competitor." Dkt. No. 34 at 5.

But no absolute privilege for confidential information or trade secrets exists. *See Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D. Tex. 1990) (considering motion for protective order under Fed. R. Civ. P. 45). In the context of a

motion for protective order, at least, a party resisting discovery has the burden to establish that the information sought is a trade secret and that its disclosure might be harmful. *See Exxon Chem. Patents, Inc.*, 131 F.R.D. at 671; *see also Orthoflex, Inc. v. ThermoTek, Inc.*, ___ F. Supp. 2d ___, 2013 WL 6980482, at *7 (N.D. Tex. Dec. 10, 2013) ("a party resisting discovery must establish that the information is a trade secret."). Disclosure to a competitor is presumptively more harmful than disclosure to a noncompetitor. *See Echostar Comm'n Corp. v. The News Corp. Ltd.*, 180 F.R.D. 391, 395 (D. Colo. 1998). If the moving party meets its burden of proof, the burden then shifts to the party seeking discovery to show that the requested information is relevant and necessary. *See id.* The court then balances the need for the trade secrets against the claim of injury resulting from disclosure. *See id.* Even if the requested documents are relevant, discovery will not be permitted if the party seeking discovery fails to show need or if the potential harm caused by production outweighs the benefit. *See Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).

Camilla argues that Navarro's conclusory allegations fail to establish that the Rule 34(a)(2) inspection would require the disclosure of trade secrets or other confidential information, and, if they do, the information would be protected by the Stipulation and Order of Confidentiality [Dkt. No. 13] previously entered in this case. Indeed, while Navarro raises the specter of "an extreme risk of harm if [Camilla] is permitted to videotape its private facility" six times in its responsive brief, Dkt. No. 34 at 5, 13, 14, 16, & 17, it does not in any way explain or establish the exact contours of

this "danger and prejudice." Navarro submits no affidavit or any other evidentiary proof to suggest anything but an overarching fear that Camilla, as a competitor, will somehow misuse information that is gained from viewing Navarro's facilities. This fear is not enough to establish privilege from disclosure.

Here, Navarro has filed a lawsuit seeking millions of dollars from Camilla because it allegedly received from Camilla contaminated pecans, with foreign materials including rodent droppings. Navarro has possession of the tainted pecans, which it has resisted disclosing. In addition, Camilla asserts a defense – correctly or not – that the contaminants were introduced at Navarro's own processing plant. Camilla seeks discovery to further investigate this defense. This it is entitled to. Although Navarro expresses – quite insistently – concern that Rule 34(a)(2) inspection will allow dangerous and prejudicial access by a competitor, it provides no support to a claim of privilege. Simply put, there is no evidence that the allegedly tainted pecans are confidential or a trade secret in any way; there is no evidence that the parts of the Navarro plant where contaminants might have been introduced are confidential or a trade secret in any way. That Navarro mistrusts Camilla and its employees is obvious but does not provide a basis for resisting a valid discovery request.

<u>Videotape Inspection</u>

Navarro contends that Rule 34(a)(2) permits the taking of "photographs" but does not authorize "videotaping." *See* Dkt. No. 34 at 13-14. Again citing an "extreme risk of harm," Navarro requests the Court limit any inspection to photographs to avoid Camilla being "able to look around and learn information to gain a competitive

advantage." *Id.* at 14. As Camilla correctly notes, many courts have permitted videotape inspections under Rule 34(a)(2). *See, e.g.*, *Morse Diesel Int'l v. United States*, 46 Fed. Cl. 19, 20 (Fed. Cl. 1999); *Csiszer v. Wren*, No. 3:08-cv-3011, 2008 WL 5071874, at *8 (W.D. Ark. Nov. 25, 2008); *Scruggs*, 278 F.R.D. at 701.

There is nothing in the text of Rule 34(a)(2) that prohibits the use of videotaping, and the Court believes that the confidentiality order entered in this case sufficiently prevents any misuse of the video. Again, Navarro does not provide any specific information to suggest that a videotape of the processing areas of the plant risks actual harm. That is, there is no evidence before the Court to suggest the nature and extent of the harm caused by permitting defense counsel and his expert witness to videotape the processing areas of the plant.

## Conclusion

Camilla's Motion to Compel [Dkt. No 23] is therefore GRANTED. Subject to the terms of the Stipulation and Order of Confidentiality, *see* Dkt. No. 13, Navarro is ORDERED to permit, by **March 21, 2014**:

(1) Marty and Brandon Harrell, Camilla's counsel, and Camilla's food-safety expert to conduct a videotaped inspection of all pecans in Navarro's possession that were shelled by Camilla; and

(2) Camilla's counsel and Camilla's food-safety expert to conduct a videotaped inspection of the areas of Plaintiff's facility identified on pages 40-42 of the Appendix, which videotape shall be marked as "Confidential and Attorneys' Eyes Only" under the Stipulation and Order of Confidentiality [Dkt. No. 13].

Out of an abundance of caution, the Court will enter this Memorandum Opinion and Order on Discovery Motion under seal because Camilla's brief and appendix were filed under seal pursuant to the Stipulation and Order of Confidentiality [Dkt. No. 13]. The parties are further ORDERED to file a joint status report by **March 3, 2014** setting forth their views on whether this Memorandum Opinion and Order on Discovery Motion contains any confidential information subject to the Stipulation and Order of Confidentiality [Dkt. No. 13] and should therefore remain sealed.

SO ORDERED.

DATED: February 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE